## ORRIN O. HORTON, Respondent, *v.* THE TOWN OF THOMPSON, Appellant.

*Town bonds, illegally issued — subsequent legislation giving them validity, constitutional — Laws of* 1868, *chap.* 553 — *Laws of* 1869, *chap.* 96 — *Laws of* 1871, *chap.* 809.

Bonds, purporting to be issued by the defendant under chapter 553 of Laws of 1868, and chapter 96 of Laws of 1869, were issued, although the consents given to the bonding of the town did not state the name of the company in whose stock the proceeds were to be invested; the bonds, also, were not sold for cash, but were exchanged directly with the company for stock. The act, chapter 809 of the Laws of 1871, ratified the acts of the commissioners in issuing these bonds and exchanging them for stock, and declared that no bonds held, owned or possessed by any person in good faith for a valuable consideration, should be void by reason of the consents not stating the name of the company, provided that the exchange of bonds for stock was made at the par value of the stock. The plaintiff was a *bona fide* holder for value, and the bonds were exchanged at par for stock.

*Held,* that the latter act was constitutional, and the plaintiff entitled to recover. *Rogers* v. *Smith* (12 N. Y. S. C. [5 Hun], 475) followed; *In the Matter of the Buffalo and Jamestown R. R. Co.* (id., 485) distinguished.

APPEAL from a judgment entered upon the report of a referee.

THIS is an action upon two coupons, for thirty-five dollars each, being for the interest on a $1,000 bond, purporting to be issued by the defendant under a bonding act. (Laws of 1868, ch. 553, and Laws of 1869, ch. 96.) The grounds of defense are: First. That the consents given to the bonding of the town did not state the name of the company in whose stock the proceeds were to be invested. Second. That the bonds were not sold for cash, but were exchanged directly with the company for stock.

*T. F. Bush,* for the appellant.

*J. L. Linson,* for the respondent.

LEARNED, P. J.:

There is no doubt that there are very important questions involved in this case. So far, however, as this court is concerned, many of them are settled. In the case of *The People ex rel. Kilbourne* v. *Benedict* (not reported), the General Term of the third district decided that these bonds (not being in the hands of holders

ignorant of the objections thereto), were unlawfully issued by reason of the omission to name the company. This should determine that point in this court.

But, again, chapter 809 of the Laws of 1871 ratifies the acts of the commissioners in issuing these bonds, and in exchanging them for stock; and declares that no bonds held, owned or possessed by any person in good faith, and for a valuable consideration, shall be void by reason of the consents not stating the name of the company, provided that the exchange of bonds for stock was made at the par value of the bonds.

There is no dispute that the plaintiff is a *bona fide* holder for valuable consideration, or that the bonds were exchanged at par. If, then, this act is valid and constitutional, there can be no question remaining in this case.

In the case of *Rogers v. Smith* (12 S. C. N. Y. [5 Hun], 475), the question of the validity and constitutionality of a similar act was argued  The law there under discussion was chapter 638, Laws of 1874. It is of the same character with the act now under consideration, and was passed for the ratification of similar bonds illegally issued.

The General Term of the court in the fourth department decided, in that case, that the legislature was competent to pass such a law, and they sustained its validity. On such a question as this we should follow the decision already made, where the cases are almost precisely the same.

We are referred to the case of *The Buffalo and Jamestown Railroad Company* (12 S. C. N. Y. [5 Hun], 485), where the same court held that section 11, article 8 of the Constitution has repealed the bonding acts, except so far as they relate to existing contracts. It is manifest, however, that the court did not consider that that section of the Constitution took away the effect of such a ratifying act as the one under consideration; because they refer to that section in their opinion in *Rogers v. Smith*, and hold the ratifying act to be valid. Following, therefore, the opinion of that General Term, I think the judgment should be affirmed with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed with costs.